IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS PITHAN,

    Plaintiff,

v.                                          Civ. No. 01-1219 RLP/LFG-ACE

CLIFTON FODGE d/b/a
EASYRIDERS OF ALBUQUERQUE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Motion to Certify Class, brought pursuant to F.R.C.P. 23(a) and (b)(2). Plaintiff filed this action pursuant to 49 U.S.C. § 32710 and 28 U.S.C. §§ 1331 & 1337 and the court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. Having reviewed the submissions of the parties, the Motion will be granted in part and denied in part.

Plaintiff Chris Pithan purchased a Harley Davidson motorcycle from Easyriders of Albuquerque in 1999. He alleges that it was represented to him that the motorcycle was new, when in fact it was used. According to Mr. Pithan, the Harley he purchased had been preowned by someone in Twin Falls, Idaho and the sale of the bike to that original owner started running the one-year warranty time period, resulting in a potential loss of warranty. Additionally, Mr. Pithan alleges that he was never given a chance to review and sign the original title documents. He alleges that Defendant's representations and omissions violate the (1) federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32705 and 49 C.F.R. § 580.5; (2) New Mexico Unfair Practices Act ("UPA"), N.M.S.A. § 57-12-3;

and (3) New Mexico Motor Vehicle Dealers Franchising Act, §§ 57-16-1 *et seq*. He also makes a common law claim for fraud.

Mr. Pithan filed this action as a class action lawsuit and, after limited discovery, seeks certification of the class. He alleges the following facts have come to light during discovery. Between 1999 and the filing of the lawsuit, he has identified 216 individuals who were sold motorcycles by Defendant and never given an opportunity to examine the title documents. Of these 216, a subset of 43 individuals were advised that the motorcycles they purchased were new when in fact they were used.

Class action certification is a matter committed to the discretion of the trial court. *Monarch Asphalt Sales Co. v. Wilshire Oil Co.*, 511 F.2d 1073, 1077 (10th Cir. 1975). This discretion, however, does not include inquiring into the merits of the claim or claims asserted. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) (the court has no authority to conduct a preliminary inquiry into the merits of a lawsuit). In close cases, the court should err on the side of certification. *See Skeet v. Sears, Roebuck & Co.*, 137 F.R.D. 347, 350-51 (D. Kan. 1991) (citing *Esplin v. Hirscht*, 402 F.2d 94, 99 (10th Cir. 1968), *cert. denied*, 394 U.S. 928 (1969)).

The criteria for class certification are set forth in Fed.R.Civ.P. 23(a):

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

2

In addition to the foregoing, one of the following three criteria must also be met: a risk that individual lawsuits would result in inconsistent judgments or that one member's action would impair or impede interests of nonmembers; or the defendant's actions are applicable to many others, making injunctive or declaratory relief appropriate; or the court finds that questions of law or fact are common to the class and predominate over any questions affecting only individual members. *Id.* at (b)(1)(A)-(B), (2) & (3).

Defendant argues that the proposed class does not meet the requirements set forth in Rule 23. He does not contest the first requirement, numerosity, but does contest commonality and typicality. He does not address Plaintiff's counsel's qualifications, but instead argues that Mr. Pithan is not representative of the class.

The court agrees with Plaintiff that most of Defendant's arguments go to the merits of the claims rather than whether the class meets the commonality and typicality requirements. "Commonality requires only a single issue common to the class. . . . Thus, either common questions of law or fact presented by the class will be deemed sufficient and factual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist." *K.L. v. Valdez*, 167 F.R.D. 688, 690 (D.N.M. 1996) (internal quotation marks, brackets, and citations omitted). "Similarly, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Id.* at 691 (internal quotation marks and citations omitted).

Mr. Pithan purchased a motorcycle which was represented to him as new when it was used. He was not given title documents to review and sign. This is the virtually the

same course of conduct alleged for all of the 216 putative class members.  The fact that not all 216 were told their purchases were new is not material because none of the individuals were given the title documents, which is a claim common to all putative class members.  The fact that a discrete subset may have an additional claim is not a reason to deny certification.  *See, e.g., Heartland Communications, Inc. v. Sprint Corp.*, 161 F.R.D. 111, 116 (D. Kan. 1995).  Similarly, typicality is not destroyed because some claims are different from others; rather, "the court should look to whether the claims of the representative plaintiffs are significantly antagonistic to the claims of the proposed class." *Id.* (internal quotation marks and citation omitted).

The court does not find that Mr. Pithan's claims are antagonistic to the claims of the proposed class.  Rather, his claims are typical of the course of conduct for which he seeks recovery.  The fact that he, and 42 others, may have an additional claim does not put him into conflict with the other members because his recovery, if any, is not dependent upon their recovery, if any.  Thus, there is no conflict and for this reason the court also finds that Mr. Pithan is an adequate representative of the class.  The court further finds that Mr. Pithan's counsel is qualified to conduct the litigation as a class action, noting also that Defendant has not contested the ability of counsel to pursue these claims.

Finally, the court addresses whether this action should be certified under Fed.R.Civ.P. 23(a) and (b)(2).  As noted above, certification for the class is sought for compensatory, declaratory, and injunctive relief.  Defendant argues that such relief is mutually exclusive; *i.e.,* if compensatory relief is sought no declaratory or injunctive relief may be had.  In this circuit, the rule is that when the *primary* relief sought is monetary, then

the court may, in its discretion, disallow declaratory and injunctive relief under Rule 23(b). *See Boughton v. Cotter Corp.*, 65 F.3d 823, 827 (10th Cir. 1995). A review of the Complaint indicates that the class seeks primarily monetary relief. Each of the four claims for relief seek monetary damages; the only reference to declaratory and injunctive relief is contained in ¶ 31. At this time, the court does not find the class action suitable for declaratory and injunctive relief.

Because this action will not go forward under Rule 23(b)(2), the court must find whether the class meets one of the other requirements in Rule 23(b)(1), which provides that to maintain a class action, once the prerequisites of Rule 23(a) are met, one of the grounds in Rule 23(b) must also be met. The court finds that Rule 23(b)(3) is relevant to this action:

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The common questions of law and fact have been addressed previously in this opinion and the court finds that those issues do predominate over questions affecting the 43 individuals who may have additional claims. *See, e.g., Heartland Communications*, 161 F.R.D. at 117 (Predominance "is met if there is a common nucleus of operative facts relevant to the dispute and those common questions represent a significant aspect of the case which can be resolved for all members of the class in a single adjudication.").

IT IS THEREFORE ORDERED that Plaintiff's Motion to Certify Class [Doc. 21] is granted as stated in this opinion;

IT IS FURTHER ORDERED that the Plaintiff shall submit to the court and opposing counsel a proposed form of class notice within fifteen (15) days of entry of this Order.

IT IS SO ORDERED.

                                              Richard L. Puglisi
                                    United States Magistrate Judge
                                          (sitting by designation)

For the Plaintiffs:    Richard N. Feferman, Esq.

For the Defendant:  Deborah E. Mann, Esq.